IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY HOLMES, a/k/a Billy Richards, | § | |
| HC SPN 00189505, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-2037 |
| | § | |
| JUSTIN SOWARD, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Billy Holmes, a state inmate, seeks permission to proceed *in forma pauperis* on his civil rights complaint against his parole officers, officials employed by the Texas Department of Criminal Justice–Parole Division ("TDCJ-Parole Division"), and Harris County Sheriff Tommy Thomas. (Docket Entry No.4). In his amended complaint plaintiff names Judge Charles Hearn, Janie Cockrell, Earnestine Jackson, and the TDCJ Institutional Division as defendants. (Docket Entry No.9).

Plaintiff has filed more than eight other lawsuits in the federal courts. Some of his complaints have been dismissed as frivolous and some of his habeas corpus applications have been dismissed as an abuse of the writ. Consequently, the Fifth Circuit Court of Appeals has barred plaintiff from filing any lawsuits, in which he seeks to proceed *in forma pauperis*, in any court subject to the Fifth Circuit's jurisdiction without the advance written permission of a judge of the forum court. The Fifth Circuit has further directed the Clerks of all federal district courts subject to the jurisdiction of the Fifth Circuit to return to plaintiff any attempted submission inconsistent with the Fifth Circuit's bar. *Holmes v. Johnson*, Appeal No.97-20855 (5th Cir. 1998).

Plaintiff, nevertheless, moves for permission to file this lawsuit. (Docket Entry No.4). Plaintiff, however, has not shown cause to grant such permission under the Court of Appeals'

sanction order.  Given plaintiff's litigation history and the lack of merit to the pending complaint, as discussed below, the Court will deny his request.

Plaintiff contends that in June, 1980, Judge Charles Hearn entered a void judgment on plaintiff's conviction for aggravated robbery in cause number 313370 in the 263rd State District Court of Harris County, Texas.  (Docket Entry No.9).  Hearn assessed punishment at confinement for life in the Institutional Division of TDCJ.  (*Id*.).  Plaintiff was subsequently transferred from the Harris County Jail to TDCJ-ID, where plaintiff claims defendant Janie Cockrell illegally confined him until January of 2001.  (*Id*.).  In January, 2001, defendant Cockrell, the Director of TDCJ Institutional Division, and defendant Garrett, the Director of the TDCJ Parole Division, released plaintiff on parole, subject to an electronic monitoring device.  (*Id*.).

Plaintiff claims that on June 17, 2004, Parole Officers Soward and Burton knowingly submitted false information to the TDCJ-Parole Division, stating that plaintiff had tested positive for cocaine on June 7, 2004, in violation of the special conditions of his parole and the admonishments given by former Parole Officer Lashun Boyd not to use illegal drugs.  (Docket Entry No.1).  On the basis of this false information and without further investigation, the TDCJ-Parole Division issued a warrant for plaintiff's arrest.  (*Id*.).  Plaintiff was later sentenced to six months in the Harris County Jail on a matter unrelated to the warrant.  When he discharged the sentence on March 22, 2006, plaintiff was arrested and detained in the Harris County Jail.  (*Id*.).  On May 17, 2006, Parole Hearing Officer Earnestine Jackson conducted a parole revocation hearing.  (Docket Entry No.8).  Upon her recommendation and the recommendation of others, plaintiff's parole was revoked on May 26, 2006.  (*Id*.; Telephone conversation with official at TDCJ status line).  On July

3, 2006, plaintiff was transferred to the Byrd Unit of the Texas Department of Justice-Correctional Institutions Division ("TDCJ-CID"), where he is presently incarcerated. (Docket Entry No.8).

Plaintiff maintains that all defendants failed to investigate the charges underlying the warrant and therefore, are responsible for his false arrest. (Docket Entry No.1). Plaintiff further claims that defendants Jackson, Soward, an unknown field officer, and the Parole Division lacked the authority to conduct a parole hearing, the outcome of which resulted in plaintiff's transfer to TDCJ-CID. (Docket Entry No.8). Plaintiff maintains that defendant Sheriff Thomas and the TDCJ-Parole Division had plaintiff transferred to TDCJ-CID in retaliation for plaintiff filing the pending suit. (Docket Entry No.8). Plaintiff seeks compensatory and punitive damages. (Docket Entries No.1, No.8, No.9).

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This principle applies not only when the prisoner challenges the judgment as a substantive matter but also when he challenges "procedures . . . such as necessarily to imply the invalidity of the judgment." *Id.* at 645. A conviction for purposes of *Heck* includes "proceedings which call into question the fact or duration of parole." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

A favorable judgment on plaintiff's claims with respect to parole officials would necessarily imply the invalidity of his parole revocation. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (holding that "[b]ecause an action attacking the validity of parole

proceedings calls into question the fact and duration of confinement, it must satisfy the *Heck* element"). Plaintiff has not alleged that the Board's decision has been reversed, expunged, set aside, or called into question, as *Heck* mandates. Therefore, plaintiff's claims against parole officials are not cognizable under *Heck*.

Likewise, a favorable judgment on plaintiff's claim that his 1980 conviction is void would necessarily imply the invalidity of such conviction. Plaintiff has not alleged that his aggravated robbery conviction has been overturned, invalidated, or impugned by a writ of habeas corpus. Therefore, his claim that his 1980 conviction is void is not cognizable under *Heck*.

Plaintiff's claim for monetary relief against Judge Hearn also fails because Judge Hearn is immune from such relief. Judges are absolutely immune from liability in the performance of their judicial duties. *Nixon v. Fitzgerald*, 457 U.S. 731, 745 (1982); *Pierson v. Ray*. 386 U.S. 547, 553-554 (1967).

Plaintiff further fails to state any facts that would give rise to a claim against Sheriff Tommy Thomas for detaining plaintiff pending a parole revocation hearing or a claim of retaliation by Thomas and others for filing the pending suit. Plaintiff's claims against Thomas, therefore, are conclusory, and are subject to dismissal.

Finally, plaintiff has not shown his entitlement to punitive damages. He states no facts to shown that defendants' conduct was "motivated by evil intent" or demonstrated "reckless or callous indifference" to his constitutional rights. *See Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

The district court may dismiss an action by a prisoner against governmental officers if it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915A. Because plaintiff's § 1983 claims

4

are not cognizable, his complaint lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

Accordingly, plaintiff's request for permission to prosecute this civil rights suit (Docket Entry No.4-1) is DENIED pursuant to the Court of Appeals' bar order, and alternatively, this case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A. All pending motions (Docket Entries No.4, No.5) are DENIED, as moot.

The Clerk will provide a copy to the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

SIGNED at Houston, Texas, on July 31, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE